UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MIGUEL FLAQUER,                      :
      Plaintiff,              :
                                     :
   v.                                :         CA 09-248 ML
                                     :
JOHN BEVILACQUA,                     :
      Defendant.              :


**REPORT AND RECOMMENDATION FOR**

**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

David L. Martin, United States Magistrate Judge

**Background**

This is the second action which Plaintiff Miguel Flaquer ("Plaintiff") has attempted to bring in this Court against Defendant John Bevilacqua ("Defendant").  See Flaquer v. Bevilacqua, CA 08-95 ML (the "Prior Action").  The Prior Action was dismissed on May 7, 2008, for lack of subject matter jurisdiction because Plaintiff had not alleged in his complaint that he and Defendant were residents of different states and also because Plaintiff stated in his complaint that the amount in controversy was $50,000.00 (which was well below the jurisdictional amount required by 28 U.S.C. § 1332[1]).  See Prior

---

[1] 28 U.S.C. § 1332(a) provides that:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy **exceeds the sum or value of $75,000,** exclusive of interest and costs, and is between--

Action, Order of 5/7/08 (Document ("Doc.") #6); Report and Recommendation of 4/15/08 (Doc. #5) at 5-6.

### The Present Action

In the present action, Plaintiff's allegations are virtually identical to those which he made in the Prior Action. Plaintiff again seeks the return of $50,000 which he alleges Defendant took from his family. See CA 09-248 ML, Complaint (Doc. #1) at 3; see also Civil Cover Sheet (reflecting a demand of $50,000.00). Indeed, the only apparent difference between the instant action and the Prior Action is that Plaintiff is now confined in a Florida correctional institution whereas previously he was confined at the Donald W. Wyatt Detention Facility in Central

---

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
>
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. § 1332(a) (bold added). **Thus, for diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00.** Heritage Bank v. Redcom Laboratories, Inc., 250 F.3d 319, 323 (5th Cir. 2001); see also Tropp v. Western-Southern Life Insurance Co., 381 F.3d 591, 595 (7th Cir. 2004)("A litigant may invoke diversity jurisdiction in federal court when all parties are citizens of different states and the amount in controversy exceeds $75,000.").

Falls, Rhode Island.  While this circumstance could possibly satisfy the diversity requirement of 28 U.S.C. § 1332(a), the amount in controversy is still beneath the minimum for federal jurisdiction to attach.

### The Pending Application and Motion

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application") of Plaintiff and the Motion for Appointment of Counsel (Doc. #3) ("Motion").  These matters have been referred to me for determination.  However, because I have concluded that the Application should be denied, it is addressed by way of this Report and Recommendation.  See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).  The Motion is denied in a separate order issued on this same date.

### Standard of Review

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim upon which relief can be granted, or seeks damages from a defendant with immunity.  See

3

28 U.S.C. § 1915(e)(2)(B).[2] The standard for dismissal of an action taken in forma pauperis is identical to the standard for dismissal under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F.Supp.2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Construction Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of

---

[2] Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)  is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

4

other affirmative defenses appearing on the face of a complaint, see, e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986). Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss. See Michigan Southern Railroad Co. v. Branch & St. Joseph Counties Railusers Association, Inc., 287 F.3d 568, 573 (6th Cir. 2002).

### Discussion

As in the Prior Action, Plaintiff does not allege any federal claim against Defendant in the Complaint. See Complaint. Therefore, the Court's subject matter jurisdiction, if any, could only arise out of diversity of citizenship. See 28 U.S.C. § 1332(a). However, as already noted, Plaintiff has again indicated that the amount in controversy is $50,000.00. Thus, it does not satisfy the jurisdictional requirement of 28 U.S.C. § 1332(a) that the amount in controversy exceed $75,000.00. See id. Therefore, this Court lacks subject matter jurisdiction.

Plaintiff has moved for the appointment of counsel, but there is no constitutional right to appointed counsel in a civil case. Maroni v. Pemi-Baker Regional School District, 346 F.3d 247, 257 (1st Cir. 2003). Moreover, there is no basis to appoint counsel in a case where subject matter jurisdiction is lacking.

Accordingly, because subject matter jurisdiction is lacking, the Application should be denied and the action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). See Goodwin v. Art

Institute of Dallas, No. 3:08-CV-1793-P ECF, 2008 WL 5203654 (N.D. Tex. Dec. 10, 2008)(recommending that case be dismissed pursuant to 28 U.S.C. § 1915(e) where plaintiff had not alleged that the amount in controversy exceeded $75,000). I so recommend.

### Conclusion

Based on the foregoing, the Court recommends that the Application be denied and that Plaintiff's Complaint be dismissed without prejudice.[3] Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10)[4] days of its receipt. See Federal Rule of Civil Procedure 72(b); District of Rhode Island Local Rule Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court

---

[3] The dismissal should be without prejudice because "[a] dismissal for lack of jurisdiction ... does not preclude a subsequent action in an appropriate forum." Posner v. Essex Insurance Co., 178 F.3d 1209, 1221 (11th Cir. 1999)(quoting Arrowsmith v. United Press International, 320 F.2d 219, 221 (2nd Cir. 1963))(second alteration in original); see also Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243 (D.C. Cir. 1999)("[D]ismissals for lack of jurisdiction are not decisions on the merits and therefore have no *res judicata* effect on subsequent attempts to bring suit in a court of competent jurisdiction."). Plaintiff is advised that the jurisdictional amount for exclusive original jurisdiction in the State of Rhode Island Superior Court is satisfied if the amount in controversy exceeds $10,000.00. See R.I. Gen. Laws § 8-2-14 (1997 Reenactment). Plaintiff is further advised that he should not re-file the action in this Court because, as explained in this Report and Recommendation, subject matter jurisdiction is lacking.

[4] The ten days do not include intermediate Saturdays, Sundays, or holidays. See Fed. R. Civ. P. 6(a)(2).

and the right to appeal the District Court's decision.  <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


<u>/s/ David L. Martin</u>
DAVID L. MARTIN
United States Magistrate Judge
June 3, 2009